# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00817-CV

**Seton Family of Hospitals, d/b/a Seton Medical Center, Appellant**

**v.**

**Beverly J. Haywood, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. D-1-GN-13-001183, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a personal-injury suit against a hospital. In her live pleadings, the plaintiff, Beverly J. Haywood, alleged that while she was "visiting a patient at Seton Medical Center," a Seton employee, acting within the course and scope of employment, "activated an automatic door, which hit [Haywood] knocking her to the floor, causing personal injuries." Haywood further alleged that "[a]t the time of the incident, [she] was not a patient of Seton Medical Center, and was not receiving medical care from [Seton]" and that the employee's "act of negligence was not committed while rendering any medical services." Haywood sought damages from Seton under a general negligence theory. Contending that Haywood's suit was "a cause of action against a health care provider . . . for . . . other claimed departure from accepted standards of . . . safety" so as to constitute a "health care liability claim" (HCLC) under the Texas Medical Liability Act (TMLA), Seton moved to dismiss the suit based on Haywood's failure to serve the expert report that

the TMLA requires of an HCLC claimant.[1] The district court denied the motion, and Seton appeals that order.[2] We will affirm.

Both Seton's motion and its appeal predate the Texas Supreme Court's recent decision in *Ross v. St. Luke's Episcopal Hospital*.[3] In that case, the plaintiff, Lezlea Ross, had visited a hospital and, while departing the facility through its lobby, slipped and fell in an area near the exit doors where the floor was being cleaned and buffed.[4] Ross subsequently sued the hospital, seeking personal-injury damages under a premises-liability negligence theory.[5] The hospital moved to dismiss Ross's suit for failure to serve a TMLA expert report, arguing (like Seton here) that Ross's claims were "for . . . other claimed departure from accepted standards of . . . safety." Availing itself of the opportunity to resolve confusion among lower courts, the supreme court clarified that "for a safety standards-based claim to be an HCLC there must be a substantive nexus between the safety standards allegedly violated and the provision of health care."[6] "The pivotal issue," the court explained, "is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety."[7]

---

[1] *See* Tex. Civ. Prac. & Rem. Code §§ 74.001(a)(13), .351.

[2] *See id*. § 51.014(a)(9).

[3] No. 13-0439, 2015 Tex. LEXIS 361 (Tex. May 1, 2015).

[4] *Id*. at *2.

[5] *Id*.

[6] *Id*. at *17–18.

[7] *Id*. at * 18–19.

It is not enough, in other words, merely that the defendant is a health care provider or that the alleged injury-producing conduct occurred in a health care setting.[8]

The supreme court also provided the following "non-exclusive considerations" to help guide the inquiry:

1. Did the alleged negligence of the defendant occur in the course of the defendant's performing tasks with the purpose of protecting patients from harm;

2. Did the injuries occur in a place where patients might be during the time they were receiving care, so that the obligation of the provider to protect persons who require special, medical care was implicated;

3. At the time of the injury was the claimant in the process of seeking or receiving health care;

4. At the time of the injury was the claimant providing or assisting in providing health care;

5. Is the alleged negligence based on safety standards arising from professional duties owed by the health care provider;

6. If an instrumentality was involved in the defendant's alleged negligence, was it a type used in providing health care; or

7. Did the alleged negligence occur in the course of the defendant's taking action or failing to take action necessary to comply with safety-related requirements set for health care providers by governmental or accrediting agencies?[9]

---

[8] *See id*. at *18 (citing *Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012)).

[9] *Id*. at *19–20.

3

Applying this analysis to the record in *Ross*, the supreme court deemed it "clear that the answer to each [consideration] is 'no.'"[10] It explained:

> The record does not show that the cleaning and buffing of the floor near the exit doors was for the purpose of protecting patients. Nor does the record reflect that the area where Ross fell was one where patients might be during their treatment so that the hospital's obligation to protect patients was implicated by the condition of the floor at that location. Ross was not seeking or receiving health care, nor was she a health care provider or assisting in providing health care at the time she fell. There is no evidence the negligence alleged by Ross was based on safety standards arising from professional duties owed by the hospital as a health care provider. There is also no evidence that the equipment or materials used to clean and buff the floor were particularly suited to providing for the safety of patients, nor does the record demonstrate that the cleaning and buffing of the floor near the exit doors was to comply with a safety-related requirement set for health care providers by a governmental or accrediting authority.[11]

"Under this record," the court concluded, "Ross's claim is based on safety standards that have no substantive relationship to the hospital's providing of health care, so it is not an HCLC [and] . . . she was not required to serve an expert report to avoid dismissal of her suit."[12]

*Ross* compels the same conclusion here. The record before the district court—which consisted only of Haywood's live pleadings, the material portions of which we have already quoted—does not reflect that the Seton employee opened the automatic door in the course of performing tasks for the purpose of protecting patients from harm; that the location of the incident was a place where Seton's duties to protect patients would have been implicated; that Haywood was

---

[10] *Id*. at *20.

[11] *Id*. at *20–21.

[12] *Id*. at *21.

4

in the process of seeking or receiving health care or providing or assisting in its provision (to the contrary, it is undisputed that she was merely visiting the facility at the time); that Seton's alleged negligence was based on safety standards arising from professional duties it owed as a health care provider; that the automatic doors were a type used in providing health care; or that the automatic door was opened in the course of Seton taking action or failing to take action necessary to comply with safety-related requirements set for health care providers by governmental or accrediting agencies.[13] On this record, Haywood's claim "is based on safety standards that have no substantive relationship to the hospital's providing of health care."[14] The district court did not err or abuse its discretion in denying Seton's dismissal motion.

We affirm the district court's order.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: July 29, 2015

---

[13] Although the fact does not appear in the record, Seton asserts that the incident occurred near the entrance to an emergency room. Even if we were to consider that assertion in the analysis, that circumstance, in itself, would not change our result.

[14] *Ross*, 2015 Tex. LEXIS 361, at *21.